**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-80071-CR-DAMIAN**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **TATYANA ALEXSANDROVNA SMELIK,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

**PLEA AGREEMENT**

The United States Attorney's Office for the Southern District of Florida ("this Office") and TATYANA ALEXSANDROVNA SMELIK (hereinafter referred to as the "defendant") enter into the following agreement:

1.     The defendant agrees to plead guilty to Count 1 of the indictment, which count charges the defendant with making a false statement in an immigration application, in violation of 18 U.S.C. § 1546(a).

2.     This Office agrees to seek dismissal of the remaining counts of the indictment after sentencing.

3.     The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the

advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4.      The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to ten years, followed by a term of supervised release of up to three years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 and may order forfeiture and restitution.

5.      The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6.      This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's

background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.      This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion and this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8.      The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation

office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw her plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

9.      The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property real or personal that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of such offense, pursuant to 18 U.S.C. § 982(a)(6).

10.      The defendant also agrees to assist the United States in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of directly forfeitable or substitute assets. This assistance shall include: disclosing within 14 calendar days in a Financial Disclosure Statement provided by this Office the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, any assets involved in the offense of conviction, and those held by a spouse, nominee, or other third party; taking all steps necessary to locate assets, wherever located; agreeing to the entry of an order enjoining the transfer or encumbrance of assets; transferring assets to the United States by delivery to this Office any necessary and appropriate documentation to deliver good and marketable title to assets; liquidating assets, or completing any task which will result in a payment towards the forfeiture money judgment; and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

4

11.     The defendant agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant further agrees to waive: any constitutional, legal, and equitable claim or defense to the forfeiture of assets in any judicial or administrative proceeding; any applicable time limits for administrative or judicial forfeiture proceedings; any claim or defense under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution; the requirements of Fed. R. Crim. P. 32.2; and any appeal of the forfeiture. The defendant understands that this plea agreement shall serve as a withdrawal of any pending administrative forfeiture claim.

12.     The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a natural-born citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty. In addition, under certain circumstances, denaturalization may also be a consequence of pleading guilty to a crime. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's denaturalization and automatic removal from the United States.

13.    This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: _8/21/25_                    By: _____
                                        ALEXANDRA CHASE
                                        ASSISTANT UNITED STATES ATTORNEY

Date: _august 21, 2025_           By: _____
                                        DENNIS G. KAINEN, ESQ.
                                        ATTORNEY FOR DEFENDANT

Date: _august 21, 25_             By: _____
                                        TATYANA ALEXSANDROVNA SMELIK
                                        DEFENDANT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-80071-CR-DAMIAN

UNITED STATES OF AMERICA                     )
                                             )
v.                                           )
                                             )
TATYANA ALEXSANDROVNA SMELIK,                )
                                             )
        Defendant.                           )
_____        )

**FACTUAL PROFFER**

The United States of America and the defendant, TATYANA ALEXSANDROVNA

SMELIK, hereby agree that, had this case proceeded to trial, the United States would have proved

beyond a reasonable doubt the following facts, which occurred in the Southern District of Florida

and elsewhere:

1.      United States Citizenship and Immigration Services ("USCIS"), a component of

the Department of Homeland Security ("DHS"), oversees the lawful administration of immigration

benefits, including visas, green cards, asylum, and naturalization. Within USCIS, the Fraud

Detection and National Security ("FDNS") Directorate plays a critical role in safeguarding the

integrity of the immigration system. FDNS conducts background checks, investigates potential

fraud or national security risks in immigration applications, and refers cases or partners with law

enforcement agencies when criminal violations (e.g., document fraud, misrepresentation, or threats

to public safety) are identified. FDNS operates through a combination of administrative reviews,

site visits, and interagency collaboration to ensure compliance with U.S. immigration laws.

2.      This case concerns the false submission of Form I-134As, Petition to be Financial

Sponsor, a program to initiate the parole process for Ukrainians and other nationalities. Beginning

on or about January 1, 2023, and over the course of the next year and a half, SMELIK electronically submitted approximately 152 Form I-134A petitions to USCIS. A significant portion of these petitions contained materially false statements.

3.       On 49 of the 152 petitions submitted, SMELIK falsely answered Question 25 in Part 3 of the form, titled "Supporter's Financial Information." Question 25 specifically asked: "Have you previously submitted a Form I-134A on behalf of a person other than the beneficiary named in Part 2?" SMELIK answered "No" on 49 occasions, despite having submitted numerous prior petitions.

4.       Specifically, on or about January 10, 2023, SMELIK submitted a Form I-134A petition on behalf of an individual identified as E.V. and answered "No" on question 25 of part 3. This petition was accepted by USCIS, assigned receipt number IOE9172043117, and subsequently approved, enabling E.V. to enter the United States. This initial submission marked the beginning of a prolonged and deliberate pattern of fraudulent activity.

5.       For example, shortly thereafter, on or about January 14, 2023, SMELIK submitted a Form I-134A petition on behalf of an individual identified as M.D. and answered "No" on question 25 of part 3.   This petition was accepted by USCIS, assigned receipt number IOE9449331689, and subsequently approved, enabling M.D. to enter the United States.

6.       On or about March 7, 2023, SMELIK submitted a Form I-134A petition on behalf of an individual identified as V.M. and answered "No" on question 25 of part 3. This petition was accepted by USCIS, assigned receipt number IOE9633284040, and subsequently approved, enabling V.M. to enter the United States.

7.       On or about April 29, 2023, SMELIK submitted a Form I-134A petition on behalf of an individual identified as O.B and answered "No" on question 25 of part 3. This petition was

accepted by USCIS, assigned receipt number IOE9755917738, and subsequently approved, enabling O.B. to enter the United States.

8.    On or about May 3, 2023, SMELIK submitted a Form I-134A petition on behalf of an individual identified as S.S. and answered "No" on question 25 of part 3. This petition was accepted by USCIS, assigned receipt number IOE9089398578, and subsequently approved, enabling S.S. to enter the United States.

9.    On or about April 26, 2024, SMELIK submitted a Form I-134A petition on behalf of an individual identified as Y.L. and answered "No" on question 25 of part 3. This petition was accepted by USCIS, assigned receipt number IOE9597653502, and subsequently approved, enabling Y.L. to enter the United States.

10.    On or about May 12, 2024, SMELIK submitted a Form I-134A petition on behalf of an individual identified as K.H. and answered "No" on question 25 of part 3. This petition was accepted by USCIS, assigned receipt number IOE9115324627, and subsequently approved, enabling K.H. to enter the United States.

11.    On or about June 25, 2024, SMELIK submitted a Form I-134A petition on behalf of an individual identified as V.V. and answered "No" on question 25 of part 3. This petition was accepted by USCIS, assigned receipt number IOE9869114345, and subsequently approved, enabling V.V. to enter the United States.

12.    On or about June 26, 2024, SMELIK submitted a Form I-134A petition on behalf of an individual identified as U.P. and answered "No" on question 25 of part 3. This petition was accepted by USCIS, assigned receipt number IOE9050391983, and subsequently approved, enabling U.P. to enter the United States.

13.     On or about July 5, 2024, SMELIK submitted a Form I-134A petition on behalf of an individual identified as P.Z. and answered "No" on question 25 of part 3. This petition was accepted by USCIS, assigned receipt number IOE9379685708, and subsequently approved, enabling P.Z. to enter the United States.

14.     On or about July 14, 2024, SMELIK submitted a Form I-134A petition on behalf of an individual identified as Y.L. and answered "No" on question 25 of part 3. This petition was accepted by USCIS, assigned receipt number IOE9815811608, and subsequently approved, enabling Y.L. to enter the United States.

15.     The above occasions constitute representative examples of the 49 petitions submitted by SMELIK in which she falsely represented that she had not previously submitted a petition on behalf of any other beneficiary.

16.     Additionally, from on or about February 26, 2024, to on or about August 16, 2024, SMELIK provided an alternate date of birth on approximately 13 of the 152 petitions. These consecutive 13 petitions were submitted to USCIS after several of her previously submitted 134-A petitions were put on suspense.

17.     SMELIK electronically submitted and signed all Form 134-A petitions. SMELIK also provided a copy of her federal tax return and a picture of her United States-issued passport. She listed her residence in Boynton Beach, Florida as her contact address, and the IP address corresponding to various submissions resolved to this Boynton Beach address. Finally, post-*Miranda*, SMELIK admitted to having submitted the petitions and having falsely answered the question regarding previous submissions.

18.    As a result of SMELIK's fraudulent submissions, USCIS approved several of the Form I-134A petitions, thereby granting immigration benefits to individuals who gained entry into the United States.

19.    Information about whether a sponsor has previously sponsored another individual is material to USCIS's approval of the immigration benefit. The purpose of sponsorship is to certify the ability to provide financial support, which is diluted by the addition of other beneficiaries of the sponsorship. Additionally, the date of birth of the sponsor is material to USCIS's approval of the immigration benefit, as it is an important identifier that enables USCIS to evaluate the integrity of the sponsor.


JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: _8/21/25_               By:    _____
                                     ALEXANDRA CHASE
                                     ASSISTANT UNITED STATES ATTORNEY


Date: _august 21, 2025_       By:    _____
                                     DENNIS G. KAINEN, ESQ.
                                     ATTORNEY FOR DEFENDANT


Date: _August 21, 2025_       By:    _____
                                     TATYANA ALEXSANDROVNA SMELIK
                                     DEFENDANT